The Honorable Henry Morgan, Prosecuting Attorney Ninth Judicial District-East 201 North 10th Street Arkadelphia, Arkansas 71923
Dear Mr. Morgan:
This is in response to your request for an opinion, on behalf of the Clark County Probate Clerk, regarding the fees which probate clerks are required to collect. In your correspondence, you specifically reference A.C.A. § 16-14-105(a)(1) (1987), which provides that probate court clerks shall collect a seventy-five dollar ($75.00) "uniform advance fee" from individuals who initiate a cause of action in a probate court. You also note A.C.A. § 21-6-404(a) (1987), which provides for an additional advance fee of twenty dollars ($20.00) that shall be collected by circuit, chancery, and probate clerks when individuals initiate any cause of action in those courts. With regard to these statutes, you pose the following question:
 Should the $20.00 additional advance fee, as provided for in A.C.A. § 21-6-404(a) (1987), be paid out of or in addition to the $75.00 uniform advance fee, as provided for in A.C.A § 16-14-105(a)(1) (1987)?
In response to this question, it is my opinion that the $20.00 fee, as provided for in A.C.A. § 21-6-404(a), should be paid out of, and not in addition to, the $75.00 uniform advance fee, as provided for in A.C.A. § 16-14-105(a)(1). This conclusion is based on A.C.A. § 16-14-105(a)(3), which provides the following:
 The uniform advance fees prescribed in this subsection shall include all extra fees now authorized by law including, but not limited to,
those fees authorized for assessment for continuing legal education, county law library, court reporter, Justice Building, and Bureau of Vital Statistics-Domestic Relations. Such fees shall be paid out of the uniform advance fees provided for in this subsection and shall not be paid in addition to the uniform advance fees. [Emphasis added.]
With regard to the date of enactment of the statutes at issue, the provision codified at A.C.A § 21-6-404(a) was in existence at the time A.C.A. § 16-14-105 was enacted. See Acts 1981 (Ex. Sess.), No. 16, § 1; Acts 1983, No. 898, §§ 1-4. Thus, it is my opinion that the extra fee of $20.00, as provided for in A.C.A. §21-6-404(a), should be paid out of the $75.00 uniform fee, as provided for in A.C.A. § 16-14-105(a), since such uniform fee is to include all extra fees in existence at the time A.C.A §16-14-105 was enacted.
With regard to the fees which probate clerks are required to collect, you pose a second question which concerns A.C.A. §28-41-101(b) (Cum. Supp. 1991). This provision provides that probate clerks shall collect a ten dollar ($10.00) filing fee when certain affidavits regarding the distribution of small estates are submitted to the probate clerk. See generally
A.C.A. § 28-41-101 (Cum. Supp. 1991). In your correspondence, you also note Act 1193 of 1993, the Public Defender Act. Section 15 of Act 1193 amends A.C.A. § 14-20-102 (Cum. Supp. 1991), which provides for the creation of a fund for the defense of indigents. Section 15(b)(1) of Act 1193 mandates the imposition of a $5.00 fee to be taxed as costs in all civil and in certain criminal cases filed in circuit, chancery, probate, and various other courts. Additionally, Section 15(d) of Act 1193 allows county quorum courts to levy an additional fee, not to exceed $5.00, on the same types of civil and criminal cases. The funds collected pursuant to these provisions are required to be deposited in the state and county indigent defense fund accounts. You note that the Clark County Quorum Court has enacted a fee of $5.00 pursuant to Section 15(d) of Act 1193. With regard to A.C.A. § 28-41-101
and Section 15 of Act 1193 of 1993, you pose the following question:
 Whether the fees collected pursuant to Sections 15(b)(1) (d) of Act 1193 of 1993 are to be collected in addition to the $10.00 filing fee provided for in A.C.A. § 28-41-101(b)?
In response to this question, it is my opinion that the answer is "yes." Both Sections 15(b)(1) (d) of Act 1193 of 1993 contain the following phrase: "In addition to all other costs and fees provided by law. . . ." Thus, it is clear that all other fees, such as the $10.00 filing fee provided for in A.C.A. §28-41-101(b), are to be in addition to the fees prescribed in Section 15 of Act 1193.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh